UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 7921

Johnny Morgan

(In the space above enter the full name(s) of the plaintiff(s).)

~~Proposed~~ Third Amended
**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes ☐ No
(check one)

-against-

Michael Ward (Captain)
Maureen P. Baird (Warden)
William Hutchings (Associate Warden)
Kimberly Shivers (Operations Lieutenant)
Rashee Graham (Senior Officer)
Christopher Merrick (Senior officer)
Keith Hardy (Activities Lieutenant)
George Green (Recreation Officer)
Jabraddrick Durrant (Corrections Officer), William
Gregory Adams (Corrections officer), Mr. Feliciano (SHU Officer)

(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/15

I.   Parties in this complaint:

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name Johnny Morgan
            ID # 61236-054
            Current Institution Metropolitan Detention Center
            Address P.O. Box 329002
                    Brooklyn, New York 11232

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name Michael Ward (Captain)              Shield #_____
                  Where Currently Employed Metropolitan Correctional Center (MCC)
                  Address 150 Park Row
                          New York, New York 10007

Rev. 05/2010                                    1

Defendant No. 2    Name _Maureen P. Baird (Warden)_ Shield # _____
                   Where Currently Employed _Metropolitan Correctional Center_
                   Address _150 Park Row_
                   _New York, New York 10007_

Defendant No. 3    Name _William Hutchings (Associate Warden)_ Shield # _____
                   Where Currently Employed _150 Park Row_
                   Address _Metropolitan Correctional Center_
                   _New York, New York 10007_

Defendant No. 4    Name _Kimberly Shivers (Operations Lieutenant)_ Shield # _____
                   Where Currently Employed _Metropolitan Correction Center_
                   Address _150 Park Row_
                   _New York, New York 10007_

Defendant No. 5    Name _Rashee Graham (Senior Officer)_ Shield # _____
                   Where Currently Employed _Metropolitan Correctional Center_
                   Address _150 Park Row_
                   _New York, New York 10007_

II.    **Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?
      _Metropolitan Correctional Center - MCC._
      _150 Park Row, New York, New York 10007_

B.    Where, in the institution did the events giving rise to your claim(s) occur?
      _Unit 11-South Visiting Room Search Area_

C.    What date and approximate time did the events giving rise to your claim(s) occur?
      _February 10, 2014 at 6:30 PM_

Rev. 05/2010                                          2

Attachment 2A

I.B. (continued)

    Defendant No. 6  Christopher Merrick (Senior Officer)
                         Metropolitan Correctional Center
                         150 Park Row
                         New York, New York 10007

    Defendant No. 7  Keith Hardy (Activities Lieutenant)
                         Metropolitan Correctional Center
                         150 Park Row
                         New York, New York 10007

    Defendant No. 8  George Green (Recreation Officer)
                         Metropolitan Correctional Center
                         150 Park Row
                         New York, New York 10007

    Defendant No. 9  Jabraddrick Durrant (Corrections Officer)
                         Metropolitan Correctional Center
                         150 Park Row
                         New York, New York 10007

    Defendant No. 10  Gregory Adams (Corrections Officer)
                         Metropolitan Correctional Center
                         150 Park Row
                         New York, New York 10007

    Defendant No. 11  Mr. William Feliciano (SHU Officer)
                         Metropolitan Correctional Center
                         150 Park Row, New York, New York 10007

D. **Facts:** On February 10, 2014 while in the 11 South Visiting Strip Search area of MCC at approx 6:30PM, Senior Officer Rashee Graham conducted a Visual Search of my body finding part of a Condom protruding from my Anal Area. S/O Graham called for backup officers. Recreation Officer George Green, S/O Christopher Merrick, Activities Lieutenant Keith Hardy, Corrections Officer Jabrudderick Darnett, C/O Gregory Adams and Special Housing Officer _____ Feliciano responded and physically restrained me by holding my hands on the wall. S/O Graham then conducted a warrantless search forcing his fingers into my rectum repeatedly in an effort to retrieve contraband lodged inside my rectum. Operations Lieutenant Kimberly Shivers was directly in charge of these officers as supervisor of the visiting area. Associate Warden William Hutchings is responsible as the Administrator of the visiting area. Captain Michael Ward and Warden Maureen Baird are responsible for the Safty and Security of the institution for both inmates and Staff. Ward, Baird, Hutchings and Shivers are responsible for enforcement of BOP Policy and Constitutional Law at MCC and were deliberately indifferent in their supervision of their staff by allowing a warrantless search and indifference to my medical condition which was serious. I was bleeding and injured by S/O Grahams warrantless extraction. He was not a medically trained individual. I was treated with deliberate indifference to my serious medical needs. I was not taken to medical until the next day 2/11/14 at 15:55. This was done to conseal my injuries and to allow them to subside. This was Cruel and Unusual Punishment within the meaning of the 8th Amendment. A detailed list of Constitutional and Statutory Violations is attached as now required by Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) and Thomas v. Ashcroft

III. **Injuries:** 470 F.3d 491, 496-497, See Page 3A, B, C, D, E, F and G.

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I had a torn and lacerated rectum. I had burning sensations and I was bleeding from my rectum. I suffered extreme mental duress and emotional duress. I was not provided any medical attention until the following day - February 11th at 15:55. This was done to allow my injuries to subside. I was treated with nothing more than deliberate indifference to what was a serious medical need. I was bleeding and this was ignored by the staff. I was not given an internal examination by MLP Ramos only an external (visual) examination I received [NO] treatment.

IV. **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓   No ____

Attachment 3A

**Defendant No. 1** — Captain Michael Ward

A Supervisor can be sued under 42 USCS § 1983 if his indifference to his/her Supervisory responsibilities is the Proximate cause of Constitutional injury. Rhames v. FBOP, 2002 U.S. Dist. LEXIS 10133 (AKH)(6/5/09), Citing 42 USCS § 1983.

1) Captain Ward - Failed to obtain a Search Warrant necessary to prevent a 4th Amendment violation - S/O Graham's Warrantless Search of Johnny Morgan.

2) Captain Ward - Was deliberately indifferent to Morgan's Serious Medical Needs and Permitted a Medically Untrained individual (Graham) to Conduct a Search which violated Morgan's 8th Amendment Rights to be free from Cruel & Unusual Punishment in an effort to conceal unnecessary injury and Wanton Infliction of Pain.

3) Captain Ward - Created & Fostered an atmosphere that allowed Warrantless Searches and Deliberate indifference to Serious Medical Needs of inmates. This was a matter of Custom and internal Policy. Captain Ward failed to Protect Inmate Morgan.

4) Captain Ward - Was grossly negligent in Supervising Subordinates who caused Morgan's injuries and violated his 4th Amendment and 8th Amendment Rights.

5) Captain Ward - Failed to Act to Prevent unconstitutional Acts from occurring and failed to enforce Constitutional law upon information in internal reports and through Subordinates indicating unconstitutional acts were occurring.

**Defendant No. 2** — Warden Maureen P. Baird

A Supervisor can be sued under 42 USCS § 1983 if his indifference to his/her Supervisory responsibilities is the Proximate cause of Constitutional injury. Rhames v. FBOP, 2002 U.S. Dist. LEXIS 10133 (AKH)(6/5/09), Citing 42 USCS § 1983.

1) Warden Baird - Failed to obtain a Search Warrant necessary to prevent a 4th Amendment Violation - S/O Graham's Warrantless Search of Johnny Morgan.

2) Warden Baird - Was deliberately indifferent to Morgan's Serious Medical needs and Permitted a Medically Untrained individual (Graham) to Conduct a Search which violated Morgan's 8th Amendment Rights to be free from Cruel and Unusual Punishment in an effort to conceal unnecessary injury and Wanton Infliction of Pain.

3) Warden Baird - Created & Fostered an atmosphere that allowed Warrantless Searches & Deliberate indifference to Serious Medical Needs of inmates. This was a matter of Custom & Internal Policy. Warden Baird failed to Protect Inmate Morgan.

4) Warden Baird - Was grossly negligent in Supervising Subordinates who caused Morgan's injuries & violated his 4th & 8th Amendment Rights.

<u>Attachment 3B</u>

Maureen P. Baird (Continued)

5) <u>Warden Baird</u> - Failed to Act to prevent Unconstitutional acts from occurring and failed to enforce Constitutional law upon information in internal reports and through Subordinates indicating unconstitutional acts were occurring.

Defendant No. 3 — <u>Associate Warden William Hutchings</u>

A Supervisor can be sued under 42 U.S.C.S. § 1983 if his indifference to his/her supervisory responsibilities is the Proximate Cause of Constitutional injury. <u>Rhames v. FBOP</u>, 2002 U.S. Dist LEXIS 10133 (AKH)(6/5/09), citing 42 U.S.C.S. § 1983.

1) <u>AW. Hutchings</u> - Failed to obtain a search warrant necessary to prevent a 4th Amendment Violation - S/O Graham's Warrantless search of Johnny Morgan.

2) <u>AW. Hutchings</u> - Was deliberately indifferent to Morgan's Serious Medical needs and Permitted a Medically untrained individual (Graham) to Conduct a Search which Violated Morgan's 8th Amendment Right to be free from Cruel and Unusual Punishment in an effort to Conceal unnecessary injury and Wanton infliction of Pain.

3) <u>AW. Hutchings</u> - Fostered & Created an atmosphere that allowed Warrantless Searches & Deliberate Indifference to Serious Medical Needs of inmates. This was a matter of Custom and Internal Policy. AW Hutchings failed to Protect Inmate Morgan.

4) <u>AW. Hutchings</u> - Was grossly negligent in Supervising Subordinates who caused Morgan's injuries & Violated his 4th & 8th Amendment Rights.

5) <u>AW. Hutchings</u> - Failed to Act to Prevent unconstitutional acts from occurring and failed to enforce Constitutional Law upon information in internal reports and through Subordinates indicating unconstitutional acts were occurring.

Defendant No. 4 — <u>Operations Lieutenant Kimberly Shivers</u>

A Supervisor can be sued under 42 U.S.C.S. § 1983 if his indifference to his/her Supervisory responsibilities is the Proximate Cause of Constitutional injury. <u>Rhames v. FBOP</u>, 2002 U.S. Dist. LEXIS 10133 (AKH)(6/5/09), Citing 42 U.S.C.S. § 1983.

1) <u>Lt. Shivers</u> - Directly Supervised and Failed to Obtain a Search Warrant necessary to Prevent a 4th Amendment Violation - S/O Graham's Warrantless Search of Johnny Morgan.

2) <u>Lt. Shivers</u> - Was deliberately indifferent to Morgan's Serious Medical Needs and Permitted a Medically untrained individual (Graham) to Conduct a Search which Violated Morgan's 8th Amendment Right to be free from Cruel and Unusual Punishment in an effort to Conceal unnecessary injury and Wanton infliction of Pain.

## Attachment 3C

<u>Operations Lieutenant Kimberly Shivers</u> (continued)

3) Fostered & Created an atmosphere that allowed Warrantless Searches and Deliberate indifference to Serious Medical Needs of Inmates. This was a matter of custom and internal Policy. <u>Lt.</u> Shivers failed to protect Inmate Morgan.

4) <u>Lt. Shivers</u> – Was grossly negligent in Supervising Subordinates who caused Morgan's injuries & Violated his 4th & 8th Amendment Rights.

5) <u>Lt Shivers</u> – Failed to act to Prevent unconstitutional Acts from Occurring and failed to enforce Constitutional Law upon information in internal reports and through Subordinates indicating unconstitutional acts were or had occurred.

Defendant No. 5 <u>Senior Officer Rashee Graham</u>

1) <u>S/O Graham</u> – Failed to obtain a Search Warrant and <u>Conducted</u> a Warrantless Search of Johnny Morgan in violation of the 4th Amendment of the U.S. Constitution's prohibition against Warrantless Searches and Seizure.

2) <u>S/O Graham</u> – <u>Conducted</u> a Warrantless Search Without Necessary Medical Training and was deliberately indifferent to Inmate Morgan's Medical Needs Following Graham's intrusive Search which left Morgan with a Lacerated rectum and caused Serious bleeding in Violation of Morgan's 8th Amendment right to be free of Cruel and Unusual Punishment. The Unnecessary and Wanton infliction of Pain on Inmate Morgan by Officer Graham was an 8th Amendment violation within the meaning of <u>Estelle V. Gamble</u>, 429 U.S. 97, 104; 97 S.CT. 285 (1926)

3) <u>S/O Graham</u> – Engaged in <u>Official Misconduct and Dereliction of Duty</u> by failing to Protect Morgan once injured by not allowing Morgan to be examined by a Medical Professional for more than 24 hours in an effort to Conceal Morgan's injuries a violation of the 8th Amendment right to be free of Cruel and Unusual Punishment.

4) <u>S/O Graham</u> – Engaged in Official Misconduct by Concealing and Covering up a Warrantless Search and injuries inflicted by Graham upon Inmate Morgan in Official reports in conjunction with 4th and 8th Amendment Violations.

Attachment 3D

Defendant No. 6 | Senior Officer Christopher Merrick

1) S/O Merrick – Failed to Prevent an illegal Search without a Warrant of inmate Johnny Morgan in violation of the 4th Amendment of the U.S. Constitutions Prohibition against Warrantless Search and Seizure.

2) S/O Merrick – Unlawfully Restrained inmate Morgan within the meaning of the 4th Amendment of the Constitution.

3) S/O Merrick – Was deliberately indifferent to injuries caused by S/O Graham during a Warrantless Search and the Wanton infliction of pain and injury by S/O Graham to inmate Morgan within the Meaning of Estelle v. Gamble, 429 US 97, 104; 97 S.CT. 285 (1976) and the 8th Amendment.

4) S/O Merrick – Engaged in Dereliction of Duty and Official Misconduct by failing to Protect inmate Morgan, once injured and Not taking Morgan to receive Medical help for his injuries. S/O Merrick attempted to Conceal his failure by saying Morgan was taken to Medical Not a "Dry Cell" in Official reports. This is within the Meaning of the 8th Amendment and is a Violation indicative of Cruel and Unusual Punishment.

Defendant No. 7 | Activities Lieutenant Keith Hardy

1) A.Lt. Hardy – Failed to Prevent an illegal Search without a Warrant of inmate Johnny Morgan in violation of the 4th Amendment's Prohibition against Warrantless Searches and Seizure.

2) A.Lt. Hardy – Unlawfully Restrained inmate Morgan within the Meaning of the 4th Amendment of the US Constitution.

3) A.Lt. Hardy – Was deliberately indifferent to injuries caused by S/O Graham during a Warrantless Search and the Wanton infliction of Pain within the Meaning of Estelle v. Gamble, 429 US 97, 104; 97 S.CT 285 (1976) and the 8th Amendment of the US Constitution.

4) A.Lt. Hardy – Engaged in Dereliction of Duty and Official Misconduct by failing to Protect inmate Morgan, once injured and not taking Morgan to receive Medical Help for his injuries. A.Lt. Hardy attempted to Conceal his failure by

## Attachment 3E

### Activities Lieutenant Keith Hardy (Continued)

saying Morgan was taken to Medical Not "a Dry Cell" in Official reports. This is within the meaning of the 8th Amendments Prohibition regarding Cruel and Unusual Punishment.

**Defendant No. 8:** ### Recreation Officer George Green

1) R/O Green — Failed to prevent an illegal Search without a Warrant of inmate Johnny Morgan in Violation of the Constitutions Prohibition against Warrantless Searches and Seizure a Violation of the 4th Amendment of the Constitution.

2) R/O Green — Unlawfully Restrained inmate Morgan in Violation of the Constitutions 4th Amendment Prohibitions against Unlawful Seizure.

3) R/O Green — Was deliberately indifferent to injuries Caused by S/O Graham's Warrantless Cavity Search and the Wanton infliction of Pain and injury Caused by S/O Graham to Morgan within the Meaning of Estelle v. Gamble, 429 U.S. 97, 104; 97 S.CT. 285 (1976) and the 8th Amendment.

4) R/O Green — Engaged in Dereliction of Duty and Official Misconduct by failing to Protect inmate Morgan, once injured and Not taking Morgan to receive Medical help for his injuries. R/O Green violated the 8th Amendments Prohibition against inflicting Cruel and Unusual Punishment. R/O Green has Concealed Official Reports Concerning the Warrantless Search of inmate Morgan and his injuries, Violations of both the 4th and 8th Amendments.

**Defendant No. 9:** ### Corrections Officer Jabraddock Durrant

1) C/O Durrant — Failed to Prevent an illegal Search without a Warrant of inmate Johnny Morgan in Violation of the Constitutions Prohibition against Warrantless Searches & Seizures a violation of the 4th Amendment of the Constitution.

2) C/O Durrant — Unlawfully Restrained inmate Morgan in violation of the Constitutions prohibition against unlawful Seizure and the 4th Amendment.

3) C/O Durrant — Was deliberately indifferent to injuries caused by S/O Graham's Warrantless Cavity Search and the Wanton infliction of Pain and injury caused by S/O Graham to Morgan within the Meaning of Estelle v. Gamble

Attachment 3F

Corrections Officer Jabraddick Durrant (Continued)
429 US 92, 104; 97 S. CT. 285 (1976) and the 8th Amendment.

4) C/O Durrant - Engaged in Dereliction of Duty by failing to Protect inmate Morgan, once injured and NOT taking Morgan to recieve Medical help for his injuries. C/O Durrant violated the 8th Amendments prohibition against inflicting Cruel & Unusual Punishment.

Defendant No. 10   Corrections officer Gregory Adams

1) C/O Adams - Failed to Prevent an illegal Warrantless Search of inmate Johnny Morgan in violation of the Constitutions Prohibition against Warrantless Searches & Seizures and the 4th Amendment of the Constitution.
2) C/O Adams - Unlawfully Restrained inmate Morgan in violation of the Constitutions Prohibition against Unlawful Seizure a 4th Amendment violation.
3) C/O Adams - Was deliberately indifferent to injuries caused by S/O Graham's Warrantless Cavity Search and the Wanton infliction of Pain and injury caused by S/O Graham to Morgan within the meaning of Estelle v. Gamble, 429 US 92, 104; 97 S. CT. 285 (1976) and the 8th Amendment.
4) C/O Adams - Engaged in the Dereliction of Duty by failing to take Morgan to Medical for his injuries. C/O Adams violated the 8th Amendments Prohibition against Cruel and Unusual Punishment.

Defendant No. 11   Special Housing Officer William Feliciano

1) SHO/Feliciano - Failed to Prevent an illegal Warrantless Search of inmate Johnny Morgan in violation of the Constitutions Prohibition against Warrantless Searches & Seizures a 4th Amendment Violation.
2) SHO/Feliciano - Unlawfully Restrained inmate Morgan in violation of the Constitutions 4th Amendment Prohibition against Unlawful Seizure.
3) SHO/Feliciano - Was deliberately indifferent to injuries caused by S/O Graham's Warrantless Cavity Search and the Wanton infliction of Pain and injury caused by S/O Graham to Morgan within the meaning of Estelle v. Gamble; 429 US 92, 104; 97 S. CT. 285 (1976) and the 8th Amendment.

Attachment 3G

Special Housing Officer William Feliciano (Continued)

4) SHO Feliciano - Engaged in the Dereliction of Duty by failing to take Morgan to Medical for his injuries. SHO/Feliciano Violated the 8th Amendments Prohibition against Cruel and Unusual Punishment.


If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _Metropolitan Correctional Center_
_150 Park Row, New York, New York 10007_

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

   Yes ✓   No ____   Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

   Yes ✓   No ____   Do Not Know ____

   If YES, which claim(s)? _BP-8, BP-9, BP-10, BP-11_

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

   Yes ✓   No ____

   If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

   Yes ____   No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? _AT M.C.C. - New York, 150 Park Row, New York, NY 10007_

   1. Which claim(s) in this complaint did you grieve? _I greived the Warrentless Search and the Unlawful restraint and the injuries caused by S/O R. Graham_

   2. What was the result, if any? _All of My Complaints were ignored and or deemed Unsubstantiated or Untimely._

   3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _The incident occured on 2/10/14. I was not allowed to file a BP-8 until 4/2/14 which was ignored. I reiterated my complaint to the Warden as a BP-9 which was responded to after 31 days (Late)(Not 20 Days). The BP-9 claimed that the investigation was still going on + no decision was rendered until December 2014 or January '15. I filed a BP-10 which was recieved on 8/11/14 and deemed untimely. I filed a BP-11 on 8/27/14 - Recieved on 9/4/14 - It was deemed untimely._

F. If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here: _N/A_

   2. If you did not file a grievance but informed any officials of your claim, state who you informed,

when and how, and their response, if any: ___N/A___

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. My BP 8½ required Staff ie: my inmate Counselor Ms. Wingate to return a copy to me. The form has no duplicates attached to it. A copy was never returned to me. My BP 8 was ignored. This was the 4/2/14 BP-8. My First attempt to obtain a BP-8 after the 2/10/14 incident was also ignored by Staff While I was in the Special Housing Unit. From 2/10/14 to 4/7/14 I was barred from entering the greivance or Administrative Remedy Process at all.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I seek Monitary damages of $40,000,000.00 for Violation of My 4th Amendment Rights - A Warrantless Illegal Search. I seek this compensation for a Violation of My 8th Amendment Rights - Deliberate indifference to serious physical injuries to my body by Officer Rashee Graham a Medically Untrained individual who Conducted this Warrantless Search. While George Green, Christopher Merrick, Jabraddrick Durrant, Gregory Adams and William Februaary, Leiutenant Keith Hardy [all] restrained me and did nothing to Prevent my Injury or to obtain a Search Warrant. Kimberly Shivers was the Operations Leiutenant at the time. She failed to obtain a Search Warrant and to have a medically trained individual Conduct the Search She failed to Prevent My Injury and was Negligent and indifferent [along with] Warden Maureen P Baird Associate Warden William Hutchings, and Captain Michael Ward they are responsible for the Supervision & training and enforcement of Policy and Law at MCC and was indifferent in their/her Supervisory responsibilities and are the Proximate Cause of Constitutional Injury.

VI. Previous lawsuits:

On these claims

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____  No ✓

B.  If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff ___N/A_____

Defendants _____

2.  Court (if federal court, name the district; if state court, name the county) _____

3.  Docket or Index number _____

4.  Name of Judge assigned to your case _____

5.  Approximate date of filing lawsuit _____

6.  Is the case still pending? Yes ____ No ____

    If NO, give the approximate date of disposition _____

7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

On other claims

C.  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
    Yes ____ No ✓

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.  Court (if federal court, name the district; if state court, name the county) _____

3.  Docket or Index number _____

4.  Name of Judge assigned to your case _____

5.  Approximate date of filing lawsuit _____

6.  Is the case still pending? Yes ____ No ____

    If NO, give the approximate date of disposition _____

7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

*Johnny Morgan et al., 14 CIV 7921*

*Proposed Third Amended Complaint (Signature Page)*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 30th day of April, 2015

Signature of Plaintiff: *Johnny Morgan*
Inmate Number: 67236-054
Institution Address: Metropolitan Detention Center
Box 329002
Brooklyn, New York 11232

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 30 day of April, 2015 I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: *Johnny Morgan*